STATE *ex rel.* JACKSON *v.* BROWN, Commissioner of Department of Institutions.

(*Nashville,* December Term, 1952.)

Opinion filed March 6, 1953.

Petition for Rehearing denied April 25, 1953.

CARL R. HARDIN and C. L. ENNIX, both of Nashville, for relator.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

This is an appeal from the judgment of the Criminal Court of Davidson County dismissing the petition for habeas corpus and remanding the relator to the custody of the Commissioner of Institutions.

On March 17, 1950, we affirmed the judgment of the Criminal Court of Davidson County against Dr. Jackson which sentenced him to the state prison for a term of not less than one nor more than three years for the crime of abortion and he was delivered to the Warden upon that date. After he had been delivered to the prison authorities, they set up as a credit to his sentence six months' good time under Chapter 89, Public Acts of 1931, and also set up to his credit, erroneously as the state insists, six months of honor grade time. Evidently the authorities did not know that the provisions of Section 2 of Chapter 89, Public Acts of 1931 had been amended by Chapter 144, Public Acts of 1943, so as to omit any provision for giving so called honor grade time to prisoners. As the record stood at that time, the total term to be served by the relator consisted of 24 months from and after March 17, 1950, the relator being eligible for parole at the expiration of 12 months under the statute, and he was paroled as of March 17, 1951.

Some time in February, 1952, it came to the attention of the Board of Paroles that Jackson had been accused, and was in fact indicted, for the crime of abortion alleged to have been committed while he was on parole and the Board of Paroles revoked his parole as of February

29, 1952, and undertook to take from him his six months good time and his six months honor grade time.

The state concedes that the statute gives to the Board of Paroles no power to take from a prisoner his good time and that as far as this item is concerned, the action of the Board was erroneous but the state insists and we think correctly so, that since no authority existed under the law to grant to the prisoner six months of so called honor grade time, this was a nullity and that he could be compelled to serve the same in the state prison for that period from and after March 17, 1952. The trial judge took the view urged by the state and dismissed the petition.

We are of the opinion that the judgment of the lower court is correct. Chapter 144 of the Acts of 1943 amended said Chapter 89, Acts of 1931 and eliminated the power of prison authorities to grant any time as a credit upon a sentence by reason of such honor grade. This being true, the relator was subject to serve this six months period.

It results that we find no error in the judgment of the court below and it is affirmed.

TOMLINSON, Justice, not participating.